IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BPX PRODUCTION COMPANY, F/K/A PETROHAWK ENERGY CORPORATION, <br>    Plaintiff, <br><br> v. <br><br> CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO CGL POLICY NO. ENGLO1800982 AND CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO UMBRELLA POLICY NO. ENGLO1800981, <br>    Defendants. | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.: 22-CV-001058 |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff BPX Production Company, formerly known as and successor to Petrohawk Energy Corporation ("Plaintiff" or "BPX"), files this First Amended Complaint against Defendants Certain Underwriters at Lloyd's, London Subscribing to CGL Policy No. ENGLO1800982 and Certain Underwriters at Lloyd's, London Subscribing to Umbrella Policy No. ENGLO1800981 (collectively, "Defendants" or "Insurers"), and would respectfully show the Court the following:

## I.     PARTIES AND JURISDICTION

1. Plaintiff BPX is a Delaware corporation with its principal place of business in Harris County, Texas. BPX was formerly known as and is successor to Petrohawk Energy Corporation. As of August 1, 2019, Petrohawk Energy Corporation is known as BPX.

2. Defendant Certain Underwriters at Lloyd's, London Subscribing to CGL Policy No. ENGLO1800982 is a foreign insurance carrier comprised of corporations, unincorporated associations, and individuals who are neither residents nor citizens of Texas. Defendant Certain Underwriters at Lloyd's, London Subscribing to CGL Policy No. ENGLO1800982 has been served with process and has previously appeared in this action through counsel.

3. Defendant Certain Underwriters at Lloyd's, London Subscribing to Umbrella Policy No. ENGLO1800981 is a foreign insurance carrier comprised of corporations, unincorporated associations, and individuals who are neither residents nor citizens of Texas. Defendant Certain Underwriters at Lloyd's, London Subscribing to Umbrella Policy No. ENGLO1800981 has been served with process and has previously appeared in this action through counsel.

4. Diversity of citizenship exists between the parties to this civil lawsuit and the matter in controversy herein exceeds the sum of $1,000,000.00, exclusive of interest and costs.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Venue is proper in this Court pursuant to 28 U.S.C. §§ 124(b)(2) and 1446(a).

## II. BACKGROUND

6. BPX produces oil and gas. BJ Services, LLC ("BJ") provides oil field services. BPX (as successor to Petrohawk Energy Corporation) and BJ are parties to a "Master Services Agreement for Goods and/or Services for: Hydraulic Fracturing Services and Related Services, Cementing Services, Acidizing Services" dated October 12, 2017 (the "MSA").

7. BJ is the Insured under the following policies that are relevant to this matter: CGL Policy No. ENGLO1800982 and Umbrella Policy No. ENGLO1800981.

8. Pursuant to the MSA, BJ performed a cement job on the production casing for the State Willie Vee 56-T3-6 W107H well located in Reeves County, Texas (the "Well") on October 2, 2018. Petrohawk Energy Corporation was the operator of the well and contracted with BJ to perform the work.

9. BJ failed to use the proper components in the cement mix. The BJ worker who performed the cement job did not ensure the use of the correct components and/or acted with reckless disregard as to whether he had the correct components, which were necessary to appropriately perform the cement job, yet he proceeded anyway. Moreover, the BJ worker had not been properly trained in how to perform the cement job and had not previously worked on a Petrohawk Energy well. As a result, and while the work being performed in connection with the cement job was ongoing and not yet

complete, approximately 7,000 feet of cement hardened prematurely inside the pipe, which caused an obstruction and damaged the wellbore and BPX's property. Subsequent efforts to correct the damage were not successful, and BPX had to plug and abandon the well, losing the ability to produce oil and gas from the well. BJ owed a duty to not damage BPX's property, yet by its negligence and/or gross negligence BJ proximately caused damage to BPX's property.

10. Pursuant to paragraph 7.3(x) of the MSA, and pursuant to its duty under the law not to damage BPX's property, BJ is responsible for paying at least $2.5 million to BPX as compensation for the damages caused by its negligence and fault. Pursuant to paragraph 7.3(y) of the MSA, the $2.5 million cap on damages in the MSA is lifted and eliminated when, as in the case, BPX's damages were caused by the gross negligence of BJ. Consequently, BPX is entitled to recover damages for the full amount of its loss which is far greater than $2.5 million.

11. In a letter of January 16, 2019, from BPX to BJ, BPX made a demand for payment and invoked the alternative dispute resolution procedure set forth in Section 12 of the MSA. Following the letter of January 16, 2019, BPX and BJ Services continued working under the alternative dispute resolution procedure in the MSA. BPX and BJ Services exchanged documents and information concerning the claim. The two companies engaged in other activity necessary to handle the claim in accordance with the dispute resolution procedure in the MSA.

12. BJ timely provided notice of BPX's Demand for Payment and Notice of Dispute to its insurers (Defendants in this proceeding). BJ demanded that Defendants defend and indemnify BJ against the claim. In a letter of February 12, 2019, Defendants informed BJ that they refused to defend or indemnify BJ Services against BPX's claim. To BPX's knowledge, Defendants performed little, if any, investigation of the claim as it took them less than one month to issue a full, complete, and outright denial of coverage.

13. On June 5, 2020, BPX and BJ continued to attempt to resolve the dispute through the alternative dispute resolution procedure in the MSA by again raising the dispute as part of negotiations regarding work on other wells and other commercial issues.

14. By letter dated June 10, 2020, BJ expressed a desire to reach a business solution, but made no definitive proposals.

15. BJ then filed a Chapter 11 Voluntary Petition with the United States Bankruptcy Court for the Southern District of Texas on July 20, 2020. Notwithstanding BJ's bankruptcy filing, the duties of the insurers under the terms of the insurance policies remain in full force and effect.

16. In late 2021, BPX and BJ reached an agreement in principle that resolved and settled their dispute, the terms of which would require approval or consent of the Bankruptcy Trustees and the Bankruptcy Court.

17. Pursuant to a "Stipulation and Agreed Order Assigning Insurance Claim to BPX Production Company" entered by the Bankruptcy Court on January 4, 2022, BJ and BPX settled their dispute, with BJ assigning to BPX any and all "rights, claims, and causes of action" that BJ Services has against its insurers "relating to or arising out of the liability insurance carriers' failure and refusal to defend and indemnify BJ [Services] for BPX's claims and demand for loss and damages" related to BJ's cement job on the Well. Consequently, BPX stands in the shoes of BJ with respect to claims relating to or arising out of Defendants' failure and refusal to defend and indemnify BJ for BPX's claims and demand for loss and damages related to BJ's cement job on the Well.

### III. CAUSES OF ACTION

**A. Breach of Contract and Failure or Refusal to Indemnify Under the MSA**

18. BJ performed the cement job on the Well in a careless, substandard, negligent, and/or grossly negligent manner, causing substantial damage to BPX. Paragraph 7.3 (x) and (y) of the MSA requires BJ to indemnify BPX for damage to the well arising from or caused by BJ's negligence and/or gross negligence. Following BJ's flawed attempt to perform the cement job on the Well, BPX was required to incur substantial expense to both remediate the damage caused by BJ and attempt to complete the Well. BPX attempted to, among other things, drill out and remove the cement plug in the Well left by BJ to complete the Well so that oil and gas production from the Well could take place. Unfortunately, the damage to the Well caused by BJ

was so severe and catastrophic that the Well could not be completed and the Well ultimately had to be plugged and abandoned.

19. BJ's liability insurance carriers, Defendants in this action, are not entitled to benefit from BJ's bankruptcy discharge. In other words, BJ's bankruptcy discharge does not relieve Defendants from liability and their obligation to pay BPX's claim. Should BPX establish that BJ would have been liable for BPX's damages arising from the damage to and loss of the Well, then Defendants should be required to pay the full amount of BPX's damages.

20. BPX presented its claim to BJ. In turn, being covered by insurance policies it purchased to protect it against just such occurrences, BJ presented this claim to its insurers, which are the Defendants in this lawsuit. The insurance policies issued by Defendants to BJ provide coverage for the claims being asserted by BPX against BJ. Defendants, however, wrongfully denied the claims; thereby breaching the insurance policies they provided to BJ.

21. BPX is the successor to BJ and its assignee in connection with any claims that BJ may have against Defendants arising out of Defendants' failure and refusal to defend and indemnify BJ in connection with claims concerning the cement job performed on the Well. BPX is also a third-party beneficiary and an additional insured to any contract of insurance between BJ and Defendants.

22. BJ, BPX, and Defendants were parties to an enforceable series of agreements related to insurance coverage.

23. The negligence and/or gross negligence of BJ in the performance of the cement job at the Well damaged BPX's property and ultimately caused the Well to be lost. BPX made a demand to BJ that was within the scope of the insurance coverage held by BJ.

24. BJ, in turn, presented a claim to Defendants arising out of BJ's performance of the cement job at the Well, which was within the scope of coverage provided by the policies. Defendants breached their obligations under the policies by refusing to defend and indemnify BJ Services against this claim, and BJ Services was damaged as a result. Pursuant to the terms of the assignment, BPX seeks recovery of those damages. Furthermore, BPX was damaged directly by Defendants' actions and failure to pay the claim in violation of their obligations under the insurance policies.

**B.     Bad Faith and Violation of Chapter 541 of The Texas Insurance Code**

25. BPX is the owner of BJ's contractual and extra-contractual claims against Defendants.

26. Defendants owed a duty of good faith and fair dealing to BJ. Defendants arbitrarily denied coverage and refused to pay BPX's claim against BJ. Defendants should be held accountable for their actions. Defendants had exclusive control over the evaluation, processing, and denial of BPX's claim against BJ. Defendants abused that control.

27. BPX, as BJ's assignee, stands in the shoes of BJ for purposes of the bad faith claim.

28. Defendants breached their duty of good faith and fair dealing through their conduct in denying BPX's claim. Defendants knew they were liable for the damages suffered by BPX. Despite their liability being reasonably clear, Defendants denied coverage and refused to pay on BPX's claim against BJ.

29. Defendants have also breached their obligations under Chapter 541 of the Texas Insurance Code by:

- Misrepresenting material facts and policy provisions related to coverage available for the claim;

- Failing to attempt in good faith to reach a prompt and fair settlement with BPX when BJ's liability on BPX's claim was reasonably clear; and

- Refusing to pay the BPX claim without first conducting a reasonable investigation.

30. As a result of Defendants' unfair insurance practices, BPX has suffered and will continue to suffer monetary damages, including court costs and attorneys' fees in this action in an amount to be determined at trial.

**C.   Declaratory Judgment**

31. A justiciable controversy exists between BPX and Defendants regarding whether the relevant insurance policies obligated Defendants to defend and indemnify BJ Services against BPX's claim arising out of the cement job performed by BJ Services at the Well. BPX seeks a declaration from the Court that

    a.    BJ performed the cement job at the Well in a careless, substandard, negligent, and/or grossly negligent manner;

    b.    BPX's claim against BJ Services was within the scope of the applicable insurance policies issued to BJ Services by the Defendants;

    c.    Defendants were required to defend and indemnify BJ Services against this claim; and,

    d.    Defendants wrongfully denied coverage, failed to perform an adequate investigation, or otherwise did not have an adequate basis to deny coverage.

## IV.   ATTORNEYS' FEES AND COSTS

32.    Pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001, and TEX. INS. CODE § 541.152, BPX seeks recovery of its costs and its reasonable and necessary attorneys' fees incurred in connection with this matter.

## V.   CONDITIONS PRECEDENT

33.    All conditions precedent to the filing of this action and any recovery sought herein by BPX have been performed, have occurred, or have been waived.

## VI.   PRAYER

34.    BPX prays that Defendants be cited to appear, that BPX recover actual damages and declaratory relief as specified herein, that BPX recover its reasonable and

necessary attorneys' fees incurred in connection with this matter as well as costs of court, pre-judgment interest and post-judgment interest, and for all other relief to which it may be entitled.

Respectfully,

By:   */s/ John D. Sullivan*
    John D. Sullivan
    Texas Bar No. 19484490
    (713) 634-3620 Direct
    jsullivan@pierceoneill.com
    Attorney in Charge

    Tracy C. Temple
    Texas Bar No. 00793446
    (713) 634-3607 Direct
    ttemple@pierceoneill.com

    Brian K. Tully
    Texas Bar No. 24039217
    (713) 634-3608 Direct
    btully@pierceoneill.com

PIERCE & O'NEILL, LLP
4203 Montrose Boulevard
Houston, Texas 77006
(713) 634-3600 Main
(713) 634-3601 Fax

**ATTORNEYS FOR PLAINTIFF**
**BPX PRODUCTION COMPANY**

## CERTIFICATE OF SERVICE

On May 27, 2022, I filed the foregoing through the Court's CM/ECF system, which will send notice of such to the following counsel of record:

Amanda J. Kujda
Amanda.kujda@hfw.com
Michael E. Carrer
Michael.carrer@hfw.com
HOLMAN FENWICK WILLAN USA LLP
5151 San Felipe, Suite 400
Houston, Texas 77056
Attorney for Defendants



*/s/John D. Sullivan*
John D. Sullivan

1031497_1