## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **BPX PRODUCTION COMPANY, F/K/A PETROHAWK ENERGY CORPORATION,** | § § § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO CGL POLICY NO. ENGLO1800982 and CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO UMBRELLA POLICY NO. ENGLO1800981,** | § § § § § § § § | **CIVIL ACTION NO.: 22-cv-001058** |
| **Defendants.** | § | |

---

## IMPROPERLY NAMED DEFENDANTS' OPPOSED MOTION TO DISMISS UNDER 12(b)(6) FOR FAILURE TO STATE A CLAIM

---

HOLMAN FENWICK WILLAN USA LLP

*/s/ Amanda J. Kujda*
**Amanda J. Kujda**
Texas No. 24053565 / Federal No. 685206
amanda.kujda@hfw.com
5151 San Felipe, Suite 400
Houston, Texas 77056
Telephone: 713-971-0888
Facsimile: 713-953-9470
*Attorney-in-Charge for Defendants*

**OF COUNSEL:**
HOLMAN FENWICK WILLAN USA LLP
**Michael E. Carrer**
Texas No. 24073391 / Federal No. 1385117
michael.carrer@hfw.com

# **TABLE OF CONTENTS**

Table of Contents..................................................................................................i

Table of Authorities...........................................................................................ii

Short Statement of Nature and Stage of Proceeding .......................................1

Statement of the Issues .....................................................................................1

Summary of the Argument ................................................................................2

Argument ...........................................................................................................3

      I.    Documents Incorporated into the First Amended Complaint..........3

      II.   Duty to Defend Under CGL Policy Never Triggered ......................4

      III.  No Duty to Defend Under Umbrella Policy ....................................6

      IV.  No Breach of the Duty to Indemnify ...............................................7

      V.   No Viable Claim for "Bad Faith" in the Third-Party Context.........8

      VI.  No Viable Claim for Breach of the Texas Insurance Code ............10

      VII. Requested Declaratory Relief is Duplicative of Other Cause of Action ........12

Conclusion .......................................................................................................13

Certificate of Conference.................................................................................15

Certificate of Service .......................................................................................15

## TABLE OF AUTHORITIES

**Cases**                                                                      **Page(s)**

*Angelina Emergency Medicine Assocs., PA v. Health Care Serv. Corp.*, ................. 11
   506 F. Supp. 3d 425 (N.D. Tex. 2020)

*Ashcroft v. Iqbal*, ............................................................................................................ 2
   556 U.S. 662 (2009)

*Bell Atl. Corp. v. Twombly*, .......................................................................................... 2
   550 U.S. 544 (2007)

*Burlington Ins. Co. v. Ranger Specialized Glass, Inc.*, ............................................... 12
   No. 4:12-cv-1759, 2012 WL 6569774 (S.D. Tex. Dec. 17, 2012).

*Collier v. Allstate County Mut. Ins. Co.*, ...................................................................... 7
   64 S.W.3d 54 (Tex. App.-Fort Worth 2001, no pet.).

*Collins v. Morgan Stanley Dean Witter*, ...................................................................... 3
   224 F.3d 496 (5th Cir. 2000).

*Great Am. Ins. Co. v. Federal Ins. Co.*, .................................................................. 10-11
   No. 3:04-cv-2267-H, 2006 WL 2263312 (N.D. Tex. Aug. 8, 2006)

*In re Katrina Canal Breaches Litig.*, ......................................................................... 1-2
   495 F.3d 191 (5th Cir. 2007)

*Landmark Am. Ins. Co. v. Eagle Supply & Manuf. LP*, ............................................... 11
   530 S.W.3d 761 (Tex. App.-Eastland 2017, no. pet.)

*Lee v. Rogers Agency*, .................................................................................................. 10
   517 S.W.3d 137 (Tex. App.-Texarkana 2016, pet. denied).

*Maryland Ins. Co. v. Head Indus. Coatings & Servs., Inc.*, .......................................... 8
   938 S.W.2d 27 (Tex. 1996).

*Meyers Warehouse, Inc. v. Canal Indem. Co.*, ......................................................... 5, 6
   614 Fed. Appx. 719 (5th Cir. 2015) (not designated for publication)

*Mid-Continent Cas. Co. v. Eland Energy, Inc.*,............................................................9
    795 F. Supp. 2d 493 (N.D. Tex. 2011), *aff'd* 709 F.3d 515 (5th Cir. 2013)

*Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.*,..........................................................8
    236 S.W.3d 765 (Tex. 2007).

*Murphy Indus., Inc. v. Essex Ins. Co.*,.............................................................. 8-9, 12
    No. 4:16-cv-03618, 2017 WL 5127220 (S.D. Tex. Sep. 20, 2017)

*Norris v. Hearst Trust*,.................................................................................................4
    500 F.3d 454 (5th Cir. 2007)

*O'Donnell v. Avis Rent A Car Systems LLC*,..............................................................12
    No. 3:19-cv-2687-S-BK, 2022 WL 962513 (N.D. Tex. Mar. 11, 2022)

*One Beacon Ins. Co. v. T. Wade Welch & Assocs.*,.......................................................8
    No. H-11-3061, 2012 WL 2403500 (S.D. Tex. June 25, 2012)

*PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship*,....................................10
    146 S.W.3d 79 (Tex. 2004).

*Taylor v. Allstate Ins. Co.*,...........................................................................................8
    356 S.W.3d 92 (Tex. App.-Houston [1st Dist.] 2011, pet. denied)

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,...............................................................2
    551 U.S. 308 (2007)

*Travelers Lloyds Ins. Co. v. Cruz Contracting of Texas, LLC*,.....................................9
    No. 5:16-cv-759, 2017 WL 5202890 (W.D. Tex. Mar. 17, 2017)

*Universe Life Ins. Co. v. Giles*,...................................................................................9
    950 S.W.2d 48 (Tex. 1997)

**Statues and Rules**    **Page(s)**
FED. R. CIV. PROC. 12............................................................................ *passim*

TEX. INS. CODE §541.060 ............................................................................11

**<u>SHORT STATEMENT OF NATURE AND STAGE OF PROCEEDING</u>**

1.      Plaintiff – BPX Production Company, formerly known as Petrohawk Energy Corporation ("BPX") – filed suit against improperly named defendants - Certain Underwriters at Lloyd's, London Subscribing to CGL Policy No. ENGLO1800982 and Certain Underwriters at Lloyd's, London Subscribing to Umbrella Policy No. ENGLO1800981 ("Underwriters") [1] – in Harris County, Texas state court on February 24, 2022. Underwriters timely removed this matter to the Southern District of Texas pursuant to diversity jurisdiction. Following a pre-motion conference held before Magistrate Judge Andrew M. Edison on April 29, 2022, BPX filed Plaintiff's First Amended Complaint on May 27, 2022.

2.      BPX alleges that BJ Services, LLC ("BJS") assigned its claims against Underwriters for (1) breach of contract – duty to defend and duty to indemnify, (2) bad faith and violation of Chapter 541 of the Texas Insurance Code, and (3) declaratory judgment, to BPX.

3.      Pursuant to a Minute Entry dated April 29, 2022, Underwriters file this Motion to Dismiss by the June 24, 2022 deadline.

**<u>STATEMENT OF THE ISSUES</u>**

4.      Federal Rule of Civil Procedure 12(b)(6) prescribes dismissal of a cause of action for "failure to state a claim upon which relief can be granted." When considering a motion to dismiss for failure to state claim, a Court shall accept as true "all well-pleaded facts" and view such facts ""in the light most favourable to the plaintiff." *In re Katrina*

---

[1] Defendants are correctly named as "certain Underwriters subscribing to CGL Policy ENGLO1800982 and Umbrella Policy ENGLO1800981".

1

*Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). They "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a Court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). To avoid dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), meaning that the Complaint must allege facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged". *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court need not, however, accept as true legal conclusions couched as factual assertions. *Id.*

## SUMMARY OF THE ARGUMENT

5.     All of BPX's causes of action fail as a matter of law such that relief cannot be granted, making dismissal with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) proper.

6.     BPX's cause of action for breach of contract-duty to defend fails under both insurance policies issued by Underwriters to BJS. First, BPX never filed "suit" against BJS such that the duty to defend under the commercial general liability policy never triggered. Second, the umbrella policy does not include a duty to defend. Therefore, BPX's breach of contract-duty to defend cause of action must be dismissed with prejudice.

7.     BPX's cause of action for breach of contract-duty to indemnify similarly fails because BJS was never adjudicated in a lawsuit for being liable for damages to BPX.

Further, BJS can never be adjudicated liable. Therefore, BPX's breach of contract-duty to indemnify cause of action must be dismissed with prejudice.

8.      BPX's cause of action for bad faith fails because Texas law expressly does not recognize such a cause of action in the third-party context. Further, BPX's cause of action for violation of the Texas Insurance Code fails because BPX lacks standing to bring such claim as any claim by BJS under the statute is unassignable under clear Texas law. Therefore, BPX's cause of action for bad faith and violation of Chapter 541 of the Texas Insurance Code must be dismissed with prejudice.

9.      Finally, BPX's cause of action for declaratory judgment is wholly duplicative of the relief sought in the other causes of action. BPX's declaratory judgment cause of action adds nothing to this litigation such that it must be dismissed with prejudice.

## ARGUMENT

### I.      Documents Incorporated Into the First Amended Complaint

10.     Documents attached to a motion to dismiss may be considered by the Court as part of the pleadings if they are referred to in the complaint and central to the claim. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). BPX relies on various documents in its First Amended Complaint, which Underwriters attached hereto in connection with this Motion to Dismiss.

11.     Underwriters subscribe to two insurance policies issued to first-named insured "BJ Services, LLC": a Commercial General Liabilities policy bearing unique market reference B0713ENGLO1800982 (the "CGL Policy") and an umbrella Liabilities policy bearing unique market reference B0713ENGLO1800981 (the "Umbrella

Policy"), collectively, the "Policies". (*See* Dkt. 18 at ¶¶2-3). A copy of each of the Policies is attached hereto as Exhibits A (Dkt. 19-1) and B (Dkt. 19-2).

12.    BPX (as successor to Petrohawk Energy Corporation)[2] and BJS entered into a Master Services Agreement dated October 12, 2017 (the "MSA"). (*See* Dkt. 18 at ¶6). A copy of the MSA is attached hereto as Exhibit C (Dkt. 19-3).

13.    BPX refers to a Stipulation and Agreed Order Assigning Insurance Claim to BPX Production Company dated January 4, 2022 in the First Amended Complaint (the "Bankruptcy Order"). (*See* Dkt. 18 at ¶17). This Court may take judicial notice of the Bankruptcy Order, attached hereto as Exhibit D (Dkt. 19-4), since it is a matter of public record. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record").

## II.    Duty to Defend under CGL Policy Never Triggered

14.    BPX contends that Underwriters breached the duty to defend owed to BJS under the CGL Policy. (*See* Dkt. 18 at ¶¶18-24). BPX's contention is wrong as a matter of law, even when drawing all reasonable inferences from the allegations in the First Amended Complaint. The CGL Policy provides, "We [Underwriters] will have the right and duty to defend the insured against any 'suit' seeking those damages". (Exh. A, Dkt. 19-1 at 43, ¶I.1.a.). "Suit" is defined in the CGL Policy to mean as follows:

> a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:
> a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

---

[2] *See* Dkt. 18 at 2, ¶1 ("BPX was formerly known as and is successor to Petrohawk Energy Corporation).

   b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

(Exh. A, Dkt. 19-1 at 57, ¶18.)

15. BPX does not allege that a "civil proceeding" or "arbitration proceeding" was ever filed in connection with BPX's claim against BJS. BPX alleges that both it and BJS operated under an "alternative dispute resolution procedure" outlined in the MSA. (Dkt. 18 at ¶11). Presumably, BPX contends that this procedure outlined in the MSA constitutes an "alternative dispute resolution proceeding" as used in the definition of "suit" in the CGL Policy. Such a contention (if it is being made) is incorrect.

16. Paragraph 12 of the MSA provides that the parties will try to resolve any dispute by first attempting to negotiate a settlement. (Exh. C, Dkt. 19-3 at 29, ¶12.2(a)-(b).) Failing settlement, the parties may then proceed to file suit in Harris County, Texas. (Exh. C, Dkt. 19-3 at 30, ¶12.2(c).)

17. The Fifth Circuit Court of Appeals considered the exact question of whether pre-suit settlement discussion constitutes a "suit" using the identical definition found in the CGL Policy. The court affirmatively held it does not, explaining, "[a]n informal settlement negotiation that precedes the commencement of any civil proceeding is not covered by the terms of the [insurance] contract". *Meyers Warehouse, Inc. v. Canal Indem. Co.*, 614 Fed. Appx. 719, 722 (5th Cir. 2015) (not designated for publication). Thus, BPX's demand to BJS to negotiate is not a "suit" as defined in the CGL Policy.

18. Even ignoring the Fifth Circuit Court of Appeals' unequivocal statement on the issue, the demand does not constitute a "suit". Specifically, even if the demand did constitute an "alternative dispute resolution proceeding" (which the Fifth Circuit says it

5

does not), BPX does not allege that BJS submitted to same with Underwriters' consent. (*See* Exh. A, Dkt. 19-1 at 57, ¶18.b., "Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits *with our consent*", emphasis added). Absent consent, an alternative dispute resolution proceeding is not a "suit", even if it would qualify as same had consent been given. No reasonable reading of BPX's First Amended Complaint leads to the conclusion that Underwriters consented to any pre-suit mediation between BPX and BJS.

19.    Since BPX never filed a "suit" against BJS, Underwriters' duty to defend under the CGL Policy was never triggered. Absent the duty being triggered, BPX cannot prove breach of such duty. *See Meyers Warehouse, Inc.*, 614 Fed. Appx. 719.

20.    Therefore, BPX's cause of action for breach of the duty to defend under the CGL Policy must be dismissed with prejudice.

### III.    No Duty to Defend Under Umbrella Policy

21.    BPX alleges that Underwriters breached the duty to defend under both the Policies. (*See* Dkt. 18 at ¶24). However, the Umbrella Policy expressly does *not* include a duty to defend: "Underwriters shall not be called upon to assume the handling of the defence or settlement of any 'Occurrence' that may be covered under this Policy …." (Exh. A, Dkt. 19-2 at 47, ¶7).

22.    Since the Umbrella Policy does not include a duty to defend, there is no possibility for BPX to prove that such absent duty was breached. Therefore, BPX's cause of action for breach of the duty to defend under the Umbrella Policy must be dismissed with prejudice.

### IV.    No Breach of the Duty to Indemnify

23.    BPX alleges that Underwriters breached the duty to indemnify under both the Policies. BPX is incorrect. An insurer's "duty to indemnify only arises after an insured has been adjudicated, whether by judgment or settlement, to be legally responsible for damages in a lawsuit." *Collier v. Allstate County Mut. Ins. Co.*, 64 S.W.3d 54, 62 (Tex. App.-Fort Worth 2001, no pet.

24.    BPX never filed a "lawsuit" against BJS such that there is no adjudication holding BJS legally responsible for "damages in a lawsuit". In fact, there was never any judgment or settlement in any context (let alone a lawsuit) in which BJS was found to be legally responsible for damages to BPX. While BPX alleges that the two parties entered into settlement discussions, even a broad reading of the First Amended Complaint does not support the factual position that a settlement between BPX and BJS for damages was reached.

25.    Further, BPX cannot bring a "suit" against BJS such that Underwriters will never have a duty to indemnify. The Bankruptcy Order provides, "BPX failed to file a proof of claim in BJ's chapter 11 case and therefore is unable to recover against the bankruptcy estate of BJ directly …." (Exh. D, Dkt. 19-4 at 3). The Bankruptcy Order goes on to provide, "BPX fully releases and discharges all of BPX's claims, demands, or suit against the Debtors [including BJS]". (*Id.* at 4, ¶5).

26.    Therefore, BPX's cause of action for breach of the duty to indemnify under the CGL Policy and the Umbrella Policy must be dismissed with prejudice.

7

## V.    No Viable Claim for "Bad Faith" in the Third-Party Context

27.    BPX alleges that it is subrogated to BJS' purported "bad faith claim". (Dkt. 18 at ¶27). However, Texas courts consistently reject claims for "bad faith" in the third-party context. In 1996, the Texas Supreme Court expressly and unequivocally rejected a "duty of good faith in third-party insurance cases". *Maryland Ins. Co. v. Head Indus. Coatings & Servs., Inc.*, 938 S.W.2d 27, 28 (Tex. 1996) (superseded by statute on other grounds). The Court reasoned that "[i]mposing an additional duty on insurers in handling third-party claims [beyond *Stowers*] is unnecessary and therefore inappropriate." *Id.* at 29. The Court reiterated this rule a decade later, holding, "*Stowers* is the only common law tort duty in the context of third party insurers responding to settlement demands". *Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.*, 236 S.W.3d 765, 776 (Tex. 2007).

28.    Texas federal district courts have universally applied the Texas Supreme Court's rule on this issue. The Honorable Gray H. Miller explained, "[t]he Texas Supreme Court has noted that 'an insured is fully protected against his insurer's refusal to defend or mishandling of a third-party claim by his contractual and *Stowers* rights'". *One Beacon Ins. Co. v. T. Wade Welch & Assocs.*, No. H-11-3061, 2012 WL 2403500, at *5 (S.D. Tex. June 25, 2012) (quoting *Maryland Ins. Co.*, 938 S.W.2d at 28-29) (reconsideration granted on other grounds, 2012 WL 5456111). Judge Miller continued, "Texas courts hold that an insured has no *common law* duty based on a failure to defend or 'mishandling of the defense of a third party claim'". *Id.* at *6 (quoting *Taylor v. Allstate Ins. Co.*, 356 S.W.3d 92, 97-99 (Tex. App.-Houston [1st Dist.] 2011, pet. denied)).

29.    More recently, the Honorable Vanessa D. Gilmore explained, "[u]nder Texas law, there is no viable cause of action for breaching the common-law duty of good faith

and fair dealing in the context of a third-party claim". *Murphy Indus., Inc. v. Essex Ins. Co.*, No. 4:16-cv-03618, 2017 WL 5127220, at *5 (S.D. Tex. Sep. 20, 2017). Judge Gilmore granted a motion to dismiss a claim for bad faith, noting, "[s]everal Texas federal district courts have dismissed claims with prejudice for improperly alleging breach of this duty in the third-party context." *Id.*

30.     In 2017, the Western District of Texas similarly discussed Texas black letter law on this subject: "[i]t is clear that Texas law does not support a *common-law* cause of action for breach of the duty of good faith and fair dealing with respect to a third-party claimant". *Travelers Lloyds Ins. Co. v. Cruz Contracting of Texas, LLC*, No. 5:16-cv-759, 2017 WL 5202890, at *3 (W.D. Tex. Mar. 17, 2017). Similarly, the Northern District of Texas held, "Texas law does not provide a cause of action for breach of the duty of good faith and fair dealing in the context of an insurer's handling of a third-party claim." *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 795 F. Supp. 2d 493, 508 (N.D. Tex. 2011), *aff'd* 709 F.3d 515 (5th Cir. 2013).

31.     A third-party claim describes when "an insured seeks coverage for injuries to a third party". *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 54 n.2 (Tex. 1997). BPX alleges that this lawsuit arises from BJS' demand that Underwriters defend and indemnify BJS against a claim by BPX. (*See* Dkt. 18 at ¶6-12). This matter involves a third-party claim and, as such, Texas law does not recognize a claim for breach of the duty of good faith and fair dealing.

32.     Therefore, BPX's cause of action for bad faith must be dismissed with prejudice.

## VI.   No Viable Claim for Breach of the Texas Insurance Code

33.     BPX alleges that Underwriters breached their obligations to BJS under Chapter 541 of the Texas Insurance Code and that BJS assigned such claims to BPX. (Dkt. 18 at ¶29-30). While Underwriters deny that they violated any portion of the Texas Insurance Code, to the extent BJS had a claim, same is not assignable to BPX.

34.     There is a significant difference between personal claims and property claims in that property claims are assignable while personal claims are not. *See PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 90-91 (Tex. 2004). The Texas Supreme Court explained in *PPG Industries* that certain statutory claims, such as claims brought under the Deceptive Trade and Practice Act ("DTPA"), are personal claims, which are unassignable. *Id.* at 91.

35.     This rule applies with equal force to claims brought under Chapter 541 of the Texas Insurance Code. *See Lee v. Rogers Agency*, 517 S.W.3d 137, 152 n.11 (Tex. App.-Texarkana 2016, pet. denied). The Texarkana Court of Appeals reasoned, "DTPA and Insurance Code causes of action are not 'property-based claims' but instead are 'personal claims'". *Id.* (citing *PPG Indus., Inc.*, 146 S.W.3d at 89).

36.     The Honorable Barefoot Sanders of the Northern District of Texas examined this rule as follows:

> Like the DTPA, the Insurance Code remedies are personal and punitive in nature. [Citation omitted] Like the DTPA, the Insurance Code makes no provision for assignability. Like the DTPA treble damages, Insurance Code damages are intended to encourage suits by aggrieved consumers. [Citation omitted] In fact each and every policy argument articulated by the Texas Supreme Court against assignment of a DTPA claim [as discussed in *PPG Industries*] applies with equal force to a claim brought under the Texas Insurance Code.

*Great Am. Ins. Co. v. Federal Ins. Co.*, No. 3:04-cv-2267-H, 2006 WL 2263312, at *10 (N.D. Tex. Aug. 8, 2006); *see, also, Angelina Emergency Medicine Assocs., PA v. Health Care Serv. Corp.*, 506 F. Supp. 3d 425, 437 (N.D. Tex. 2020)(explaining that "the Texas Supreme Court has settled this question of law" and holding "claims brought under section 541 of the Insurance Code may not be assigned to third parties, and therefore the plaintiffs lack standing to sue").

37.     Texas law is patently clear: a Chapter 541 Texas Insurance Code claim is personal to the allegedly aggrieved party – here, BJS – and is not assignable. Therefore, BPX lacks standing to bring a Chapter 541 claim against Underwriters.

38.     While BPX (wrongfully) alleges that it owns BJS' extra-contractual claims against Underwriters (Dkt. 18 at ¶25), it also alleges that "BPX has suffered and will continue to suffer monetary damages". (Dkt. 18 at ¶30). Thus, while Underwriters understand that BPX brings this lawsuit only its capacity as BJS' alleged assignee, the allegations suggest that BPX may also be bringing a claim under Chapter 541 of the Texas Insurance Code directly against Underwriters. The Texas statute expressly provides that no such claim exists. Tex. Ins. Code. §541.060(b) ("Subsection (a) does not provide a cause of action to a third party asserting one or more claims against an insured covered under a liability insurance policy"); *see, also, Landmark Am. Ins. Co. v. Eagle Supply & Manuf. LP*, 530 S.W.3d 761, 779 (Tex. App.-Eastland 2017, no. pet.)("Section 541.060(b) provides that a third-party claimant asserting a claim against an insured covered under a liability insurance policy does not have a cause of action for unfair claim settlement practices").

11

39.     Earlier this year, the Honorable Renee Harris Toliver of the Northern District of

Texas held:

> It is firmly established, however, that a party's status as a
> third-party claimant precludes him from asserting some
> extra-contractual claims, including (1) breach of the duty of
> good faith and fair dealing; (2) violations of the Texas
> prompt payment statute; (3) unfair settlement practices; and
> (4) violations of the DTPA.

*O'Donnell v. Avis Rent A Car Systems LLC*, No. 3:19-cv-2687-S-BK, 2022 WL 962513,

at *10 (N.D. Tex. Mar. 11, 2022).

40.     Therefore, BPX's cause of action for breach of the Texas Insurance Code must

be dismissed with prejudice.

## VII.     Requested Declaratory Relief is Duplicative of Other Causes of Action

41.     The Declaratory Judgment Act vests the Court with broad discretion in

determining whether the allow such a claim to proceed. *Burlington Ins. Co. v. Ranger

Specialized Glass, Inc.*, No. 4:12-cv-1759, 2012 WL 6569774, at *2 (S.D. Tex. Dec.

17, 2012). "If a request for declaratory judgment adds nothing to an existing lawsuit, it

need not be permitted". *Id.* "Courts in the Fifth Circuit regularly reject declaratory

judgment claims seeking the resolution of issues that will be resolved as part of the

claims in the lawsuit." *Murphy Indus., Inc.*, 2017 WL 5127220, at *6.

42.     BPX's declaratory judgment cause of action adds nothing to this litigation as it

requires resolution of the exact same issues raised in its other causes of action. A

comparison of the allegations supporting the two causes of action demonstrate the

duplicative nature of the requested declaratory relief:

| Breach of Contract | Declaratory Judgment |
|---|---|
| "Should BPX establish that BJ would have been liable for BPX's damages arising from the damage to and loss of the Well, then Defendants should be required to pay the full amount of BPX's damages" (Dkt. 18 at ¶19) | "BJ performed the cement job at the Well in a carless, substandard, negligent, and/or grossly negligent manner" (Dkt. 18 at ¶31.a.) |
| "The insurance policies issued by Defendants to BJ provide coverage for the claims being asserted by BPX against BJ" (Dkt. 18 at ¶20) | "BPX's claim against BJ Services was within the scope of the applicable insurance policies issued to BJ Services by the Defendants" (Dkt. 18 at ¶31.b.) |
| "The insurance policies issued by Defendants to BJ provide coverage for the claims being asserted by BPX against BJ" (Dkt. 18 at ¶20) & "Defendant's breached their obligations under the policies by refusing to defend and indemnify BJ Services against this claim" (Dkt. 18 at ¶24) | "Defendants were required to defend and indemnify BJ Services against this claim" (Dkt. 18 at ¶31.c.) |
| "Defendants, however, wrongfully denied the claims; thereby breaching the insurance policies they provided to BJ" (Dkt. 18 at ¶20) | "Defendants wrongfully denied coverage, failed to perform an adequate investigation, or otherwise did not have an adequate basis to deny coverage" (Dkt. 18 at ¶31.d.) |

43.    Resolving BPX's other causes of action (which, as discussed above, must all be dismissed with prejudice) similarly resolves all of the issues raised in its declaratory judgment cause of action.

44.    Therefore, BPX's cause of action for declaratory judgment must be dismissed with prejudice.

## **CONCLUSION**

45.    For the reasons discussed above, improperly-named Defendants – Certain Underwriters at Lloyd's, London Subscribing to CGL Policy No. ENGLO1800982 and Certain Underwriters at Lloyd's, London Subscribing to Umbrella Policy No. ENGLO1800981 – respectfully request that the Court enter an Order dismissing with prejudice Plaintiff's First Amended Petition in its entirety due to Plaintiff's failure to

13

state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

DATED: June 23, 2022

Respectfully submitted,

HOLMAN FENWICK WILLAN USA LLP

*/s/ Amanda J. Kujda*
**Amanda J. Kujda**
Attorney-In-Charge
Texas No. 24053565 / Federal No. 685206
amanda.kujda@hfw.com
**Michael E. Carrer**
Texas No. 24073391 / Federal No. 1385117
michael.carrer@hfw.com
5151 San Felipe, Suite 400
Houston, Texas 77056
Telephone: 713-971-0888
Facsimile: 713-953-9470
*Attorneys for Defendants*

14

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on June 22, 2022, counsel for Defendants and counsel for Plaintiff conferred via telephone regarding the substance of the relief requested in the foregoing document. Counsel for Plaintiff advised that Plaintiff is opposed to the relief requested.

*/s/ Amanda J. Kujda*
Amanda J. Kujda


## **CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2022, a copy of the foregoing document was filed through the Court's CM/ECF system, which will send notice of such filing to the following counsel of record:

**PIERCE & O'NEILL, LLP**
John D. Sullivan, Esq.
jsullivan@pierceoneill.com
Tracy C. Temple, Esq.
ttemple@pierceoneill.com
Brian K. Tully, Esq.
btully@pierceoneill.com
4203 Montrose Boulevard
Houston, Texas 77006
***Attorneys for Plaintiff***

*/s/ Amanda J. Kujda*
Amanda J. Kujda