# Exhibit D

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 04, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BJ SERVICES, LLC, *et al.*, | § | Case No. 20-33627(MI) |
| | § | |
| Debtors. | § | Jointly Administered |

### STIPULATION AND AGREED ORDER ASSIGNING
### INSURANCE CLAIM TO BPX PRODUCTION COMPANY

Scott A. Rinaldi, in his capacity as Trustee of the BJ Services Wind-Down Trust (the "Wind-Down Trustee") and as sole representative of the above-captioned debtors (the "Debtors") and Norman N. Kinel, in his capacity as Liquidation Trustee of the BJS Liquidation Trust (the "Liquidation Trustee"), on the one hand, and BPX Production Company f/k/a Petrohawk Energy Corporation ("BPX"), on the other hand, through undersigned counsel enter into this Stipulation as follows:

WHEREAS, on July 20, 2020, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Bankruptcy Code;

WHEREAS, the Debtors' Combined Disclosure Statement and Joint Amended Chapter 11 Plan (the "Plan") was confirmed by order of the Court (the "Confirmation Order") on November 6, 2020;

WHEREAS, on November 6, 2020, pursuant to the Plan and Confirmation Order, the BJ Services Wind-Down Trust and the BJS Liquidation Trust were established and the Wind-Down Trustee and the Liquidation Trustee were appointed;

4848-2579-3767

WHEREAS, prepetition, BPX and BJ Services, LLC ("BJ") entered into that certain Master Services Agreement for Goods and/or Services for: Hydraulic Fracturing Services and Related Services, Cementing Services, Acidizing Services, effective as of October 12, 2017 (the "MSA");

WHEREAS, BPX, pursuant to the MSA, BPX engaged BJ to cement the production case on the State Willie Vee 56T3-6 107H Well in Reeves County, Texas (the "Willie Vee Project");

WHEREAS, BJ began working on the Willie Vee Project on October 2, 2018;

WHEREAS, BPX alleges that it has incurred damages in excess of $2.5 million as a result of BJ's negligence and/or gross negligence related to the Willie Vee Project;

WHEREAS, BPX made a demand, prior to the filing on these bankruptcy cases, on BJ for loss and damages arising from BJ's alleged negligence and/or gross negligence;

WHEREAS, in response to the demand made by BPX, BJ made demand on its commercial general liability and umbrella insurance carriers for defense and indemnification;

WHEREAS, on February 12, 2019, the underwriters (the "Underwriters") subscribing to CGL policy ENGLO1800982 and Umbrella Policy ENGLO1800981 (the "Policies") denied that they were obligated to indemnify or provide coverage under either policy with respect to the claims made by BPX;

WHEREAS, the Underwriters have failed and refused to defend and indemnify BJ pursuant to the Policies;

WHEREAS, in settlement of BPX's claims the Wind-Down Trustee is willing to assign to BPX any and all claims held by the Debtors against the Underwriters relating to the claims asserted by BPX;

2

WHEREAS, BPX failed to file a proof of claim in BJ's chapter 11 case and therefore is unable to recover against the bankruptcy estate of BJ directly and only has potential recourse against the Underwriters directly.

**NOW, THEREFORE, IT IS STIPULATED, AGREED, AND ORDERED AS FOLLOWS:**

1. In consideration of the agreements and stipulations contained herein, and without warranty or representation as to the validity of such assignment or claims or the impact on such claims resulting from this assignment, the Wind-Down Trustee and the Liquidation Trustee, on behalf of the Wind-Down Trust and the BJS Liquidation Trust as applicable, assign to BPX all of their and the Debtors' rights, claims, and causes of action against the Underwriters subscribing to the Policies and their agents, brokers, employees, officers, and all other persons or entities relating to or arising out of the liability insurance carriers' failure and refusal to defend and indemnify BJ against BPX's claims and demand for loss and damages relating to the Willie Vee Project (the "Assignment").

2. BPX shall indemnify and hold harmless Debtors, the Wind-Down Trust, the Wind-Down Trustee, the BJS Liquidation Trust, and the Liquidation Trustee from any costs, losses, fees, expenses, and/or damages arising from the foregoing Assignment.

3. Notwithstanding the assertion of any claims against Underwriters by BPX, BPX shall not seek to recover any amounts from the Debtors' estates, the Wind-Down Trust, the Wind-Down Trustee, the BJS Liquidation Trust, and/or the Liquidation Trustee for any past, present or future claims or damages related to the Willie Vee Project or any of the claims assigned herein.

4. BPX shall take no action nor make any effort, and hereby affirmatively waives and releases any right, to collect from or recover against the estates of Debtors, the Wind-Down Trust,

3

or the BJS Liquidation Trust for any loss or damages arising from or related to BJ's work on the Willie Vee Project. For the avoidance of doubt, BPX shall not file any proof of claim in BJ's chapter 11 case, shall not seek authority to file a late proof of claim in BJ's chapter 11 case, and shall not seek payment of any amounts arising out of or related to the Willie Vee Project from the estates of Debtors, the Wind-Down Trust, or the BJS Liquidation Trust through motion practice or otherwise.

5. The Assignment shall be in full satisfaction of and BPX fully releases and discharges all of BPX's claims, demands, or suits against the Debtors (including all of the Debtors' attorneys, trustees, agents, employees, officers, directors, shareholders, partners, members, managers, assignees and legal representatives), the Wind-Down Trust, or the BJS Liquidation Trust whether known or unknown, fixed or contingent, liquidated or unliquidated, arising from or related to the business relationship between the Debtors and BPX.

6. Nothing herein shall modify, impair, or impact the Plan Injunction as to any claims by any party as to either the Debtors, their estates, the Wind-Down Trust, or the Liquidation Trust.

Signed: January 04, 2022

Marvin Isgur
United States Bankruptcy Judge

4

5328679_1
4848-2579-3767

Agreed as to form and substance:

/s/ Paul D. Moak
**GRAY REED & McGRAW LLP**
Jason S. Brookner (TX Bar 24033684)
Paul D. Moak (TX Bar 00794316)
Amber M. Carson (TX Bar 24075610)
1300 Post Oak Blvd., Suite 2000
Houston, TX 77056
Telephone: (713) 986-7127
Facsimile: (713) 986-5966
Email: jbrookner@grayreed.com
pmoak@grayreed.com
acarson@grayreed.com

*Counsel to Scott A. Rinaldi, as Trustee of the BJ Services Wind-Down Trust*

/s/ Michael D. Rubenstein (with permission)
**LISKOW & LEWIS APLC**
Michael D. Rubenstein (TX Bar 24047514)
1001 Fannin Street, Suite 1800
Houston, TX 77002
Telephone: (713) 651-2953
Facsimile: (713) 651-2952
Email: mdrubenstein@liskow.com

*Counsel to BPX Production Company f/k/a Petrohawk Energy Corporation*

/s/ Travis A. McRoberts (with permission)
**SQUIRE PATTON BOGGS (US) LLP**
Travis A. McRoberts
2000 McKinney Avenue, Suite 1700
Dallas, TX 75201
Telephone: (214) 758-1500
Facsimile: (214) 758-1550
Email: travis.mcroberts@squirepb.com

*Counsel to Norman N. Kinel, as Liquidation Trustee of the BJS Liquidation Trust*

5

5328679_1
4848-2579-3767